UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:  1:21-cv-22671

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

        Plaintiff,

v.

WIN CAPITAL, LLC,

        Defendants.

_____

## DECLARATION OF ROBERT STEVENS

I, Robert Stevens, state the following:

1. I am over the age of 18 and otherwise competent to testify. I make the following statements based on personal knowledge.

2. I reside in West Palm Beach, Florida. I am an experienced professional photographer and make a living from photography. Through AAP, I provide high-end real estate photography services to real estate brokers and agents in South Florida.

3. I am AAP's principal photographer and its founder. My work is sought after by real estate professionals throughout South Florida. For over a decade, I have photographed some of the most expensive real estate listings in U.S. history, including Donald Trump's mega-mansion in Palm Beach listed for $125 million. From Palm Beach to California, the Bahamas and New York, I have been contracted to photograph the estates of Madonna, Celine Dion, Don King, Greg Norman, Rod Stewart, Ivana Trump, James Patterson, Alexander Haig, Ann Downey, Frank McKinney, Bill Gates, Tommy Lee Jones, Bryant Gumble and Chris Evert.

4.      The techniques that I use are difficult to execute effectively. My photos are made using special aerial photography capture techniques that employ drones or other technology to capture photographs from angles that would not otherwise be possible.

5.      There are four works of intellectual property at issue in this case, one of which is shown below, and which are referred to herein as the "Works."   (Exhibit 1).



6.      I registered the Works with the Register of Copyrights on February 22, 2016 and was assigned the registration number VA 1-994-963. The Certificate of Registration is attached hereto as Exhibit 2.

7.      AAP own all rights, title, and interest, including copyrights, in and to the Works by nature of both written assignment by me to AAP and by nature of the fact that the Works were works for hire taken on behalf of AAP.

8.      Significant technical attributes were required to make the Works including; monitoring the environment with regard to atmospheric conditions, cloud cover, wind speed, wind direction, and precipitation; extensive image location scouting to identify potential photo

locations, angles, elevations, accessibility, and security issues; obtaining authorizations to secure access to private property; and using advanced photo exposure control, both in-camera and via post-production software, to ensure a common brightness, contract, clarity, color temperature, color saturation, color tonality, and image noise reduction.

9. The Works are scarce not only due to their high quality but also the unique techniques applied to achieve such amazing results.

10. The typical range of fees I receive for creating and licensing the right to make non-exclusive commercial use (meaning use for purposes of advertising or promoting the licensee's business) and displaying on the internet of one of my copyrighted photographs similar in quality and popularity to the Works is approximately $1,000, per year, per photograph.

11. WIN CAPITAL, LLC ("Win-Cap") is a financial investment company with a focus on real estate properties. At all relevant times herein, Win-Cap owned and operated Win-Cap's website and Twitter account (the "Website"). The Website advertises the sale of property in Miami.

12. On or about July 18, 2019, Defendant copied the Works without my permission and used them to advertise and promote the sale of property in Miami. Defendant's infringements are attached hereto as Exhibit 3.

13. Defendant has never been licensed to use the Works for any purpose.

14. After Defendant copied the Works, they made further copies and distributed the Works on the internet to promote the sale of its goods and services.

15. Through my counsel I notified Defendant of the allegations set forth herein on October 7, 2019 and October 23, 2019. To date, the parties have been unable to resolve the dispute.

16. Had Defendant hired AAP to create and license the Works and to reproduce and display the Works on its website, I would have charged at least $1,000 per year to use the photograph.

17. The ability of the Defendant to reproduce, modify, distribute and display the copyrighted Work for its own commercial benefit without compensation to me greatly impairs the market value of the Work since others competing with that business, or in related business areas, will not want to obtain a license to my Work if they are already associated with a competing business. Similarly, potential licensees of my copyrighted photographs will not want to pay my license fees if they see other commercial enterprises taking and using my photographs for its own commercial purposes without paying any fee at all.

18. The Works have lost significant value to their scarcity by the widespread and continuing dissemination resulting from defendants' infringement.

19. I believe my damages to be $20,000 per year after considering a scarcity multiplier of 5 to the licensing fee of $1,000 per image, per year.

20. As the photos were posted on or about January 24, 2019, my actual damages are $40,000 as the infringement has been in excess of two years.

I declare under perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: November 12, 2021

*Robert Stevens*
_____
Robert Stevens