UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-22671-JEM/Becerra

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

    Plaintiff

v.

WIN CAPITAL, LLC,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** came before the Court on Plaintiff Affordable Aerial Photography, Inc.'s ("AAP" or "Plaintiff") Motion for Entry of Final Judgment by Default Against Defendant Win Capital, LLC, and Incorporated Memorandum of Law (the "Motion" or "Motion for Default"). ECF No. [13]. Defendant did not file a response to the Motion and the time to do so has passed. Moreover, the undersigned held a hearing on this matter, but Defendant did not appear for the hearing. ECF No. [18]. Therefore, upon due consideration of Plaintiff's Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby **RECOMMENDED** that Plaintiff's Motion be **GRANTED IN PART AND DENIED IN PART**.

    **I.**    **BACKGROUND**

Plaintiff AAP, through Robert Stevens as the "principal photographer and [] founder of AAP," "provide[s] high-end real estate photography services to real estate brokers and agents in South Florida." ECF No. [13-1] ¶¶ 2–3. He states that he uses techniques that "are difficult to

---

[1] This matter was referred to the undersigned by the Honorable Jose E. Martinez, United States District Judge. ECF No. [14].

1

execute effectively" as his "photos are made using special aerial photography capture techniques that employ drones or other technology to capture photographs from angles that would not otherwise be possible." *Id.* ¶ 4.

There are four photographs (the "Works") at issue here for which "AAP own[s] all rights, title, and interest, including copyrights . . . by nature of both written assignment by [Stevens] to AAP and by nature of the fact that the Works were works for hire taken on behalf of AAP." *Id.* ¶ 7. Stevens registered the Works with the Register of Copyrights, which assigned registration number VA 1-994-963 on February 2, 2016. *Id.* ¶ 6; *see also* ECF No. [13-3]. Stevens attests that "[s]ignificant technical attributes were required to make the Works" and that "[t]he Works are scarce not only due to their high quality but also the unique techniques applied." ECF No. [13-1] ¶¶ 8–9.

Although Plaintiff never licensed the Works for use by Defendant, on or around July 18, 2019, Stevens discovered that Defendant was using the Works without consent "to advertise and promote the sale of property in Miami." *Id.* ¶¶ 12–13. Stevens states that he notified Defendant of the infringement on October 7, 2019 and October 23, 2019, but the parties did not reach a resolution. *Id.* ¶ 15.

Accordingly, on July 24, 2021, Plaintiff filed suit against Defendant for copyright infringement. *See generally* ECF No. [1]. On September 22, 2021, a Clerk's Default was entered against Defendant based on its failure to appear in this action. ECF No. [9]. On October 22, 2021, the Court entered an Order on Final Default Judgment Procedure, requiring Defendant to respond by November 5, 2021 and requiring Plaintiff to file a motion for final judgment by November 12, 2021. ECF No. [12]. Plaintiff thereafter timely filed its Motion for Default. ECF No. [13].

In the instant Motion, Plaintiff first requests $120,000.00 in statutory damages pursuant to 17 U.S.C. § 504. ECF No. [13] at 7–10. Plaintiff argues that because Defendant's infringement

was willful, Plaintiff may be entitled to statutory damages up to $150,000.00. *Id.* at 9 (citing 17 U.S.C. § 504(c)(2)). Stevens states that "[h]ad Defendant hired AAP to create and license the Works and to reproduce and display the Works on its website, [Stevens] would have charged at least $1,000 per year," based on "[t]he typical range of fees [he receives] for creating and licensing" similar photographs. ECF No. [13-1] ¶¶ 10, 16. Plaintiff submits that based on the "significant technical attributes" of the Works, a scarcity multiplier of five is warranted in this case, such that his actual damages are "$20,000 per year, after considering a scarcity multiplier of five to the licensing fee of $1,000 per photograph," and asserts that the infringement lasted at least two years. *Id.* ¶¶ 8–9, 19; ECF No. [13] at 8. Plaintiff further argues that because Defendant willfully infringed on his copyright, he is entitled to treble damages under the Copyright Act. *See* ECF No. [13] at 9–10. As such, Plaintiff requests $120,000.00 in statutory damages, or three times the actual damages of $40,000.00 for two years. *Id.* at 10. Plaintiff also requests the entry of a permanent injunction against Defendant to prevent it from continuing to willfully copy Plaintiff's work. *Id.* at 11–12.

Finally, Plaintiff contends that he is entitled to $5,357.30 in attorneys' fees and costs under Sections 505 and 1203(b)(5). *Id.* at 11. Plaintiff requests $4,872.50.50 in attorneys' fees. *Id.* In support of this request, Plaintiff's counsel, Joel B. Rothman, submitted an affidavit. ECF No. [13-5]. In his affidavit, Mr. Rothman states that the following individuals billed in this matter: (1) Attorney Jason Weiss billed 0.7 hours at $425 per hour; (2) Attorney Craig Wirth billed 6.2 hours at $350 per hour; (3) Attorney Meir Teitelbaum billed 3.6 hours at $300 per hour; (4) Paralegal Jamie Christine James billed 4.6 hours at $200 per hour; (5) Legal Assistant Lia DiNuzzo billed 2.2 hours at $175 per hour; and (6) Investigator Kimberly Abajian billed 0.1 hours at $200 per hour. *Id.* ¶¶ 8–13. The billing records indicate that a total of 17.40 hours were expended in this

matter. ECF No. [13-6] at 7. In addition, Plaintiff requests $484.80 in costs, which includes $400.00 in filing fees and $84.80 in service of process costs. ECF Nos. [13] at 11; [13-5] ¶¶ 3–4.

## II.    ANALYSIS

"Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint." *Chanel, Inc. v. Sea Hero*, 234 F. Supp. 3d 1255, 1258 (S.D. Fla. 2016). However, "[a] defendant's default does not in itself warrant the court entering a default judgment." *Id.* (quoting *DIRECTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004)). Indeed, the Court's decision whether to grant a motion for default is discretionary. *Id.* (citing *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). A defendant is not held to admit facts that are not well pleaded or to admit conclusions of law; accordingly, the Court must determine whether the complaint adequately states a claim upon which relief may be granted. *See id.* (citing *Nishimatsu*, 515 F.2d at 1206); *see also Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) ("[L]iability is well-pled in the complaint, and is therefore established by the entry of default.").

To adequately state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Well-pled factual allegations are deemed to have been admitted by the defaulting defendant. *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Once liability is established, the Court must also assess forms of relief. *See Chanel, Inc. v. French*, No. 05-61838-CIV, 2006 WL 3826780, at *2 (S.D. Fla. Dec. 27, 2006). Remedies for Copyright Act violations include injunctive relief, money damages, and costs and fees. *See* 17 U.S.C. §§ 502–505.

### A.    Plaintiff Has Pled a Claim of Copyright Infringement.

"To establish a prima facie case of copyright infringement, [a plaintiff] must show: (1) ownership of a valid and existing copyright and (2) that defendant copied the copyrighted

4

material." *C.B. Fleet Co., Inc. v. Unico Holdings, Inc.*, 510 F. Supp. 2d 1078, 1081 (S.D. Fla. 2007) (citing *Feist Publications, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 349 (1991); *Original Appalachian Artworks, Inc. v. Toy Loft, Inc.,* 684 F.2d 821, 824 (11th Cir. 1982)). As to the first element, a plaintiff can present *prima facie* evidence if he presents a certificate of registration, filed within five years of the publication. *See* 17 U.S.C. § 410(c). If the plaintiff produces a certificate of registration, then the burden shifts to the defendant "to establish that the work in which copyright is claimed is unprotectable (for lack of originality) . . . ." *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1541 (11th Cir. 1996). As to the second element, Plaintiff must establish, as a factual matter, that the alleged infringer actually copied the copyrighted work and "must also respond to any proof advanced by the defendant that the portion of the copyrighted work actually taken does not satisfy the constitutional requirement of originality as set forth in Article I, § 8, cl. 8." *Id.* at 1541–42. "If a plaintiff survives a challenge to the originality requirement, they must also prove that 'the copying of copyrighted material was so extensive that it rendered the offending and copyrighted works substantially similar.'" *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1233 (11th Cir. 2010) (quoting *Lotus Dev. Corp. v. Borland Int'l, Inc.*, 49 F.3d 807, 813 (1st Cir. 1995)). Where the defendant fails to appear, both prongs of the claim are unchallenged. *See Reiffer v. Legendary Journeys, Inc.*, No. 8:17-CV-2748-MSS-AAS, 2019 WL 2029827, at *2 (M.D. Fla. Jan. 23, 2019). Thus, where a plaintiff has pled sufficient facts to satisfy the elements of the copyright infringement claim, the plaintiff "is entitled to default judgment as to liability." *Id.*

Here, the undersigned finds that Plaintiff has pled sufficient facts to establish a claim of copyright infringement under the Copyright Act. Robert Stevens, "principal photographer and [] founder" of AAP, states in his Declaration that "AAP own[s] all rights, title, and interest, including copyrights, in and to the Works," ECF No. [13-1] ¶¶ 3, 7, and provides the Certificate of Registration with the Register of Copyrights, ECF No. [13-3]; *see also* ECF No. [1-2]. Thus,

5

Plaintiff has properly pled the first element of its claim, ownership of the copyright.  As to the second element, that Defendant copied constituent elements of the Copyrighted Works that are original, Plaintiff has also adequately pled this element of the claim.  Specifically, Plaintiff attaches to the Complaint screenshots of Defendant's website containing exact reproductions of the Works.  ECF No. [1-3].  These screenshots are sufficient to establish that Defendant "actually copied the protected material and that the copying was so extensive that it rendered the offending work and the copyrighted work substantially similar." *Ermert v. Boca Dental Supply, LLC*, No. 18-81666-CV, 2019 WL 7837289, at *2 (S.D. Fla. Mar. 29, 2019) (finding "Plaintiff has satisfied all components of the second prong" where plaintiff attached to the complaint "a screenshot of Defendant's website containing an exact reproduction of the copyrighted photograph" which "establishes that Defendant actually copied the protected material and that the copying was so extensive that it rendered the offending work and the copyrighted work substantially similar").  Further, Defendant has not presented any arguments premised on the Constitution's originality requirement.  Accordingly, Plaintiff has sufficiently pled the second element.  As such, the Court finds that Plaintiff has pled a claim for copyright infringement and **RECOMMENDS** that final default judgment be entered against Defendant as to liability.

    **B.  Plaintiff Is Entitled to $120,000.00 in Statutory Damages.**

The Copyright Act provides that the owner of a copyright may recover either "(1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or (2) statutory damages, as provided by subsection (c)."  17 U.S.C. § 504(a).  Specifically, an owner is entitled to "a sum of not less than $750 or more than $30,000 as the court considers just."  *Id.* at § 504(c)(1).  However, if the infringement was willfully committed, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000."  *Id.* at § 504(c)(2).  Willfulness is established where the defendant acts "with actual

6

knowledge or reckless disregard for whether its conduct infringed upon the plaintiff's copyright . . . . The Court may infer that the Defendant willfully infringed the Plaintiff's copyright through the Defendant's default." *Corson v. Gregory Charles Interiors, LLC*, No. 9:19-CV-81445, 2020 WL 6323863, at *2 (S.D. Fla. Aug. 7, 2020) (citations and quotations omitted).

Here, Stevens attests that Plaintiff would charge an annual licensing fee of $1,000.00 for each of the Works. ECF No. [13-1] ¶ 16. Plaintiff states that a scarcity multiplier is appropriate based on the technical attributes of the Works, including:

> [M]onitoring the environment with regard to atmospheric conditions, cloud cover, wind speed, wind direction, and precipitation; extensive image location scouting to identify potential photo locations, angles, elevations, accessibility, and security issues; obtaining authorizations to secure access to private property; and using advanced photo exposure control, both in-camera and via post-production software, to ensure a common brightness, contract, clarity, color temperature, color saturation, color tonality, and image noise reduction.

*Id.* ¶ 8.

The Court finds that a scarcity multiplier of five is appropriate to reflect the fair market value of Plaintiff's photography. *See Corson*, 2020 WL 6323863, at *2 (concluding that a scarcity multiplier of four was appropriate considering the techniques employed); *Affordable Aerial Photography, Inc. v. VisitWPB.Com, Inc.*, No. 17-CV-81306-BB, 2018 WL 6519104, at *3 (S.D. Fla. Apr. 23, 2018) (finding that a "scarcity multiplier of six is appropriate to reflect the fair market value of the [w]ork") (citing *Leonard v. Stemtech Int'l, Inc.*, 834 F.3d 376, 395 (3d Cir. 2016)). As such, Plaintiff's actual damages are $20,000.00 per year ($1,000.00 for each of the four Works times a scarcity multiplier of five). Plaintiff alleges an infringement of at least two years such that actual damages are $40,000.00. Because Stevens attests that he notified Defendant of the infringement on October 7, 2019 and October 23, 2019, the Court finds that Defendant willfully infringed on Plaintiff's copyright given its failure to address the infringement. Indeed, the Court may infer willfulness by virtue of the default. Accordingly, Plaintiff is entitled to a trebling of its

7

actual damages of $40,000.00. It is therefore **RECOMMENDED** that Plaintiff be awarded a total of $120,000.00 in statutory damages.

### C. Plaintiff Is Entitled to a Permanent Injunction Against Defendant.

The Copyright Act provides that a court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). In copyright infringement cases, permanent injunctions are issued to protect against "the threat of continuing copyright infringement." *Microsoft Corp. v. Tech. Enters., LLC*, 805 F. Supp. 2d 1330, 1333 (S.D. Fla. 2011); *Sony Music Ent., Inc. v. Glob. Arts Prods.*, 45 F. Supp. 2d 1345, 1347 (S.D. Fla. 1999) (noting that "[i]njunctive relief is a traditional remedy for copyright infringement"). In order to establish the need for an injunction, the plaintiff must demonstrate that "(1) it has suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction." *Microsoft*, 805 F. Supp. 2d at 1334 (citing *Peter Letterese and Assocs., Inc. v. World Inst. of Scientology Enters., Int'l*, 533 F.3d 1287, 1323 (11th Cir. 2008)).

In copyright infringement cases, irreparable injury is presumed upon a plaintiff's showing reasonable likelihood of success on the merits. *Arista Records, Inc. v. Beker Enters., Inc.*, 298 F. Supp. 2d 1310, 1314 (S.D. Fla. 2003); *Sony*, 45 F. Supp. 2d at 1347 ("The only difference in the elements needed for the granting of a permanent, as opposed to a preliminary, injunction is the need to show success on the merits, not merely likelihood of success.") (citing *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 546 (1987)). Moreover, monetary damages are insufficient because without an injunction the copyright at issue "would remain vulnerable to continued, repeated infringement." *Arista*, 298 F. Supp. 2d at 1315. Finally, as to the public interest, the Copyright

Act contemplates that protection of the public because its purpose "is to encourage works of the intellect by protecting the copyright [] holder from infringement." *Original Appalachian Artworks, Inc. v. Topps Chewing Gum, Inc.*, 642 F. Supp. 1031, 1040 (N.D. Ga. 1986).

In this case, the Court finds that a permanent injunction against Defendant is appropriate in order to prevent Defendant's continued use of the Works. The undersigned recommends that a final default judgment be entered against Defendant, and as such, "the default against Defendant[] satisfies the element of success on the merits." *Sony*, 45 F. Supp. 2d at 1347. Moreover, the Court finds that a remedy in equity is warranted because the removal of the Works from Defendant's website and Twitter page will cause little to no harm to Defendant, whereas the continued appropriation of Plaintiff's copyright constitutes an ongoing harm to Plaintiff. For example, at the hearing, Plaintiff stated that the Works still appear on Defendant's Twitter page, and argued that the Works remain vulnerable to further infringement while on Defendant's Twitter page. Plaintiff argues that an injunction would assist Plaintiff in its efforts to have Twitter remove the Works from Defendant's page. Moreover, as Stevens explained in his affidavit and at the hearing, the continued use of the Works "greatly impairs the market value of the Work[s]." *See* ECF No. [13-1] ¶ 17. Additionally, at the hearing, Stevens, on behalf of Plaintiff, expressed that he uses his professional judgment when deciding how to use his Works, and a third-party using his Works in a manner inconsistent with his judgment could cause harm to his reputation and relationship with clients. As such, the balance of hardships clearly tips in Plaintiff's favor. Finally, the entry of a permanent injunction against Defendant would be in the public interest because it embodies the protections contemplated by the Copyright Act. Therefore, the undersigned **RECOMMENDS** that Plaintiff's request for an injunction be **GRANTED**.

### D. Plaintiff is Entitled to $4,839.80 in Attorneys' Fees and Costs.

The Copyright Act provides that "the court in its discretion may allow the recovery of full costs by or against any party . . . ." 17 U.S.C. § 505. Fees and costs are routinely awarded to "(1) deter future copyright infringement; (2) ensure that all holders of copyrights which have been infringed will have equal access to the court to protect their works; and (3) penalize the losing party and compensate the prevailing party." *Arista Records*, 298 F. Supp. 2d at 1315–16 (quoting *A & N Music Corp. v. Venezia*, 733 F. Supp. 955, 959 (E.D. Pa. 1990)).

### i. Attorneys' Fees

In determining the appropriate fee, courts use the lodestar method, which requires that the number of hours expended be multiplied by the reasonable hourly rate. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). A reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum*, 465 U.S. at 895–96 n.11). The relevant legal community for purposes of determining the reasonable hourly rate for an attorney's service is "the place where the case is filed." *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994). The Court is deemed an expert on the issue of attorneys' fees and rates and "may consider its own knowledge and experience concerning reasonable and proper fees." *Norman*, 836 F.2d at 1303 (citing *Campbell v. Green,* 112 F.2d 143, 144 (5th Cir.1940)).

Plaintiff requests $4,872.50 in attorneys' fees for the legal services rendered by SRIPLAW, P.A. ECF No. [13-5] ¶¶ 5–6. There are three lawyers who billed time in this case. The affidavit submitted in conjunction with the instant Motion states that Jason Weiss, Esq. billed at $425.00 per hour, Craig Wirth, Esq. billed at $350.00 per hour, and Meir Teitelbaum, Esq. billed at $300.00

per hour. ECF No. [13-5] ¶¶ 8–10. However, the affidavit does not provide *any* support for the requested hourly rates. *See id.* Accordingly, the Court relies on its own experience and on the holding of other courts in this District in determining whether the requested hourly rates are reasonable.

First, upon the Court's independent review, it appears that Mr. Weiss was admitted to the Florida Bar in 2000 and is of counsel at SRIPLAW.[2] Considering Mr. Weiss' experience and being familiar with typical rates in copyright cases in this District, the undersigned finds that $425.00 per hour is a reasonable rate. *See Vallejo v. Narcos Productions LLC*, No. 18-23462-CIV, 2020 WL 6815056, at *4 (S.D. Fla. Aug. 24, 2020) ("Having considered counsel's reputations and experiences, and the Court's familiarity with attorney's fees generally in this market, I find that the requested rate[ of $440.00] for senior counsel . . . is reasonable and appropriate."), *report and recommendation adopted*, No. 18-23462-CIV, 2020 WL 5626635 (S.D. Fla. Sept. 21, 2020); *see also Oravec v. Sunny Isles Luxury Ventures L.C.*, No. 04-22780-CIV, 2010 WL 1302914, at *10 (S.D. Fla. Mar. 31, 2010) (finding hourly rates of $350.00 to $425.00 for senior attorneys appropriate in a copyright case); *cf. Cohan v. Interzone, Inc.*, No. 18-80522-CV, 2019 WL 11000201, at *2 (S.D. Fla. Mar. 29, 2019) (where Mr. Weiss sought an hourly rate of $375.00 in an ADA case, the Court noted that it "is familiar with the hourly rates typically charged in ADA cases and finds that the hourly rate sought here is slightly higher than rates typically awarded in ADA cases" and found a rate of $350.00 per hour to be reasonable in this circumstance), *report and recommendation adopted*, No. 9:18-CV-80522, 2019 WL 11000202 (S.D. Fla. Apr. 23, 2019).

---

[2]*See* Member Profile, The Florida Bar, https://www.floridabar.org/directories/find-mbr/profile/?num=356890 (last visited August 5, 2022); Jason S. Weiss, SRipLaw, https://www.sriplaw.com/about-us/jason-s-weiss/ (last visited August 5, 2022).

Moreover, as to Mr. Wirth, the requested rate of $350.00 per hour is reasonable as "[Mr.] Wirth was admitted to the Florida Bar in 2016." *Corson*, 2020 WL 6323863, at *4; *see also Reiffer v. World Views LLC*, No. 6:20-CV-786-RBD-GJK, 2021 WL 1269247, at *5 (M.D. Fla. Mar. 1, 2021) (concluding that an hourly rate of $350.00 was reasonable for Mr. Wirth) (citing Declaration of Joel B. Rothman, *Reiffer v. World Views LLC*, No. 6:20-CV-786-RBD-GJK (M.D. Fla. Oct. 6, 2020), ECF No. [15-2]).

Finally, as to Mr. Teitelbaum, the requested rate of $300.00 per hour is reasonable, as this Court previously found an hourly rate of $295.45 for Mr. Teitelbaum reasonable. *Affordable Aerial Photography, Inc. v. Aaron Chandler Constr., Inc.*, No. 20-81185-CV, 2021 WL 2430999, at *5 (S.D. Fla. Mar. 23, 2021) ("Attorney Meir Teitelbaum has an hourly rate of $295.45 . . . . Although Plaintiff did not support its Motion with evidence of the hourly rates of other partners, associates, paralegals, and investigators to show that the requested hourly rates here are reasonable, based upon an independent evaluation of similar cases, I conclude that the hourly rates are reasonable.")

In addition, one paralegal, one legal assistant, and one investigator billed time in this case. The affidavit states that paralegal Jamie Christine James billed at $200.00 per hour, legal assistant Lia DiNuzzo billed at $175.00 per hour, and investigator Kimberly Abajian billed at $200.00 per hour. ECF No. [13-5] ¶¶ 11–13. Because the affidavit does not provide any support for the requested hourly rates, the Court finds the rates to be unreasonable. Based on the Court's experience, the prevailing market rate in South Florida, the straightforward legal issues involved in this case, and the lack of support for the requested rates, the Court concludes the reasonable hourly rate to be $125.00 for paralegals and investigators, and $100.00 for legal assistants. *See Peter Coppola Beauty, LLC v. Casaro Labs, Ltd.*, No. 14-81488-CIV, 2019 WL 2255021, at *7 (S.D. Fla. May 2, 2019) (finding an hourly rate of $125.00 reasonable for a paralegal where "no

additional information has been provided about the paralegals who worked on this case), *report and recommendation adopted*, No. 14-81488-CIV, 2019 WL 2254714 (S.D. Fla. May 21, 2019); *CBS Broad., Inc. v. Browning*, No. 06-22463-CIV, 2007 WL 2850527, at *7 (S.D. Fla. Sept. 21, 2007) (finding $125.00 to be a reasonable hourly rate for an investigator); *Rodriguez v. Guilfoyle*, 18-23621-CIV, 2019 WL 2254926, at *3 (S.D. Fla. Feb. 1, 2019) ("We also find that [the] request for an hourly rate of $150 for [a] legal assistant is excessive and, as a result, we reduce the rate requested to $100 per hour"), *report and recommendation adopted*, No. 18-23621-CIV, 2019 WL 2255019 (S.D. Fla. Mar. 1, 2019).

The invoice submitted provides that 17.4 hours were expended in this matter. ECF No. [13-6] at 7. A fee applicant must set out "the general subject matter of the time expende[d by the attorney] with sufficient particularity so that the court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12 (1983)). A fee applicant must exercise billing judgment by excluding "excessive, redundant or otherwise unnecessary [hours]." *Hensley*, 461 U.S. at 434. In this case, the Court finds that the invoices contain sufficiently detailed explanations for each entry. *See* ECF No. [13-6]. Thus, after a review of the timesheets submitted, the Court concludes that the hours expended were reasonable.

In sum, the Court has carefully reviewed the affidavit and invoices submitted by Plaintiff's counsel, as well as other matters in this Circuit where Plaintiff's counsel has been awarded attorneys' fees. Based on that review and on the Court's own experience, the Court finds that the following recovery is appropriate: (1) Jason Weiss at $425.00 per hour for 0.7 hours; (2) Craig Wirth at $350.00 per hour for 6.2 hours; (3) Meir Teitelbaum at $300.00 per hour for 3.6 hours; (4) Jamie Christine James at $125.00 per hour for 4.6 hours; (5) Lia DiNuzzo at $100.00 per hour for 2.2 hours; and (6) Kimberly Abajian at $125.00 per hour for 0.1 hours. As a result of the

adjustment, it is hereby **RECOMMENDED** that Plaintiff should recover $4,355.00 in attorneys' fees.

### ii. Costs

In copyright infringement cases, courts may award those costs enumerated in Title 28, United States Code, Section 1920. *See Artisan Contractors Ass'n of Am., Inc. v. Frontier Ins. Co.*, 275 F.3d 1038, 1038–39 (11th Cir. 2001). Section 1920 provides that the following costs are recoverable:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

In this case, Plaintiff requests $484.80 in costs, which includes (1) $400.00 in filing fees and (2) $84.80 in service of process costs. ECF No. [13-5] ¶¶ 3–4. The costs requested are all recoverable under Section 1920(1). *Corson*, 2020 WL 6323863, at *6 (awarding costs in the amount of "$448.10, which includes filing fees to the court ($400.00), $40.00 in service charges, and $8.10 in mailing costs"); *Stockfood Am., Inc. v. Fernando Arcay Special Events Corp.*, No. 19-22286-CV, 2019 WL 9904155, at *5 (S.D. Fla. Dec. 31, 2019) ("Plaintiff's requested cost award totals $723.60, which is inclusive of filing fees to the court ($400.00), $303.70 in service charges, and $19.90 in mailing costs. As all are recoverable under Section 1920, Plaintiff is entitled to the full amount included in its request."). Accordingly, the undersigned **RECOMMENDS** that Plaintiff should recover $484.80 in costs.

### III.  CONCLUSION

Based on the foregoing, it is hereby **RECOMMENDED** that Plaintiff's request for damages, injunctive relief, and attorneys' fees and costs in its Motion for Default, ECF No. [13], be **GRANTED IN PART AND DENIED IN PART**.  Plaintiff should be awarded $120,000.00 in statutory damages, a permanent injunction should be entered against Defendant as to the Works, and Plaintiff's counsel should be awarded $4,839.80 in attorneys' fees and costs.

### IV.  OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Court for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation.  Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on August 5, 2022.

_____
JACQUELINE BECERRA
United States Magistrate Judge